UNITED STATES DISTRICT COURT
for the
DISTRICT OF VERMONT

| | |
|---|---|
| DENISE A. CHAPPELL | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 2:14-cv-240 |
| | ) |
| JOHN D. BURKE, Esq. | ) |
| | ) |
| Defendant. | ) |

## Complaint and Demand for Jury Trial

I. Introduction:

    1.    This is a negligence and legal malpractice civil action based on diversity of citizenship, for injuries and damages that occurred in Vermont. The plaintiff resides in the State of California and the defendant resides and practices law in Vermont.

II. The Parties:

    2.    Plaintiff, DENISE A. CHAPPELL, resides in Palm Springs, California.

    3.    Defendant, JOHN D. BURKE, is an attorney licensed to practice law in Vermont. Defendant resides and maintains a law office in Castleton, Vermont.

III. Jurisdiction:

    4.    The Court has diversity jurisdiction in this case pursuant to the provisions of 28 U.S.C. § 1332(a)(1). The defendant has a place of business and resides in Vermont, and hence there is diversity of citizenship.

    5.    The amount in controversy exceeds the sum specified by 28 U.S.C. § 1332.

    6.    There is proper venue in the District of Vermont pursuant to 28 U.S.C. §

1391 (b)(2). All of the events and omissions giving rise to the plaintiffs' claim occurred within the District of Vermont.

## Count I

7. At all times herein mentioned, Plaintiff, DENISE A. CHAPPELL was and still is a resident of Palm Springs, State of California.

8. At all times herein mentioned defendant, JOHN D. BURKE, was and still is a resident of Castleton, State of Vermont. He is a Vermont licensed attorney.

9. On August 6, 2002, DENISE A. CHAPPELL was driving her father's automobile when she was rear-ended on Main Street in Castleton, Vermont. DENISE A. CHAPPELL was stopped in front of a marked crosswalk to allow a pedestrian to cross the street. The Castleton Police Department investigated the accident. The driver of the vehicle, which struck DENISE A. CHAPPELL, was negligent. She admitted that she was not paying attention.

10. DENISE A. CHAPPELL sustained serious personal injuries as a result of the automobile collision. She underwent three separate surgical procedures, including an anterior cervical discectomy with bone graft and fusion; brachial plexus repair surgery; and implantation of an electrical spinal cord stimulator to control pain. She continues to suffer constant and permanent pain. Her permanent injuries have resulted in loss of enjoyment of life and she has incurred and will continue to incur substantial medical expenses.

11. JOHN D. BURKE was a long time acquaintance of DENISE A. CHAPPELL and her family. JOHN D. BURKE had done legal work for Denise's mother and father. JOHN D. BURKE was a trusted lawyer and friend.

12. On January 15, 2003, DENISE A. CHAPPELL signed a "Contingent Fee Agreement" wherein DENISE A. CHAPPELL agreed "to engage JOHN D. BURKE, attorney for the purpose of representation regarding certain claims and actions resulting from a motor vehicle accident." JOHN D. BURKE agrees to represent the client regarding these matters.

13. Every summer, from 2003 through 2009, and again in 2011 and 2012, DENISE A. CHAPPELL traveled from her home in California to visit her family in Vermont and meet with her attorney, JOHN D. BURKE, in his law office. In addition, DENISE A. CHAPPELL had multiple phone conversations with attorney Burke. During each meeting and conversation, the status of the claim was discussed. DENISE A. CHAPPELL was consistently assured by Mr. Burke that "we are getting close to settling the claim".

14. During a meeting at her attorney's law office in the summer of 2009, DENISE A. CHAPPELL was told "we are still working on the settlement." The defendant told DENISE A. CHAPPELL that her health insurance carrier was making a subrogation claim against the entire liability proceeds. Mr. Burke mentioned the possibility of sharing his contingency fee with the plaintiff.

15. In a telephone conversation in May of 2010, Mr. Burke told the plaintiff that a deposition might be conducted in Vermont when she returned for her summer visit. Mr. Burke also reported, "we are having talks and we are getting close".

16. During a meeting at her attorney's office in the summer of 2011, DENISE A. CHAPPELL was told, "by December we will be finished." In a telephone conversation during the fall of 2011, Mr. Burke asked DENISE A. CHAPPELL if she

was available to "come home to Vermont for a trial this winter".

17. DENISE A. CHAPPELL's last face to face meeting with Mr. Burke was at his office in the summer of 2012. She was told at that time, "by December-we will be done." Her last phone conference with Mr. Burke was in May, 2013, when she was told, "I am in contact with the insurance company. I am going to see a woman from the insurance company. We are getting close."

18. There has been no settlement with the tortfeasor or any automobile insurance carrier. A lawsuit was not commenced against the tortfeasor or any insurance company.

19. Defendant owed a duty of care to plaintiff to represent her with legal advice, communications, and guidance in accordance with relevant legal standards of care within the practice of law.

20. Defendant breached his duty of care by failing to adequately represent plaintiff in providing competent legal advice, full and accurate communications, and by failing to commence a lawsuit within the applicable statute of limitations.

21. As a direct and proximate result of the negligence, breach of duty, and legal malpractice of the defendant, DENISE A. CHAPPELL sustained damages.

### Demand for Trial by Jury

The plaintiff demands a jury trial.

WHEREFORE, the plaintiff, DENISE A. CHAPPELL, prays this Court:

1. That the Plaintiff has judgment against the defendant for compensatory damages in a amount to be determined by a jury.

2. To grant the Plaintiff such further relief as this Court may deem just and

- 5 -

equitable.

Dated at Manchester, Vermont this 28th day of October, 2014.

By: _____
David J. Pollock, Esquire
Plaintiff' Attorney
Martin, Harding & Mazzotti
5046 Main Street
Manchester Ctr, VT 05255
802-375-1122
Bar # 000 468 362